UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE
COMMISSION,

              Plaintiff,

              v.

MADHAVAN SIVATHANU PILLAI,

              Defendant.

Civil Action No. **07 1273**

## CONSENT OF DEFENDANT MADHAVAN SIVATHANU PILLAI

1.     Defendant Madhavan Sivathanu Pillai ("Pillai") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Pillai admits), Pillai hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things: permanently restrains and enjoins Pillai from violating, directly or indirectly, or aiding and abetting violations of Sections 10(b) and 13(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78m(a)] and Rules 10b-5, 12b-20, 13a-11 and 13a-13 [17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-11 and 240.13a-13] thereunder.

3.     Pillai acknowledges that the Court is not imposing a civil penalty based on his sworn representations in his Statement of Financial Condition dated August 3, 2006, and other documents and information submitted to the Commission. Pillai further consents that if at any

time following the entry of the Final Judgment the Commission obtains information indicating

that Pillai's representations to the Commission concerning his assets, income, liabilities, or net

worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the

time such representations were made, the Commission may, at its sole discretion and without

prior notice to Pillai, petition the Court for an order requiring him to pay the maximum civil

penalty allowable under the law.  In connection with any such petition, the only issue shall be

whether the financial information provided by Pillai was fraudulent, misleading, inaccurate, or

incomplete in any material respect as of the time such representations were made.  In any such

petition, the Commission may move the Court to consider all available remedies, including but

not limited to ordering Pillai to pay funds or assets, directing the forfeiture of any assets, or

sanctions for contempt of the Court's Final Judgment.  The Commission may also request

additional discovery.  Pillai may not, by way of defense to such petition:  (a) challenge the

validity of this Consent or the Final Judgment; (b) contest the allegations in the complaint; (c)

assert that payment of a civil penalty should not be ordered; (d) contest the imposition of the

maximum civil penalty allowable under the law; or (e) assert any defense to liability or remedy,

including but not limited to any statute of limitations defense.

    4.      Pillai waives the entry of findings of fact and conclusions of law pursuant to Rule

52 of the Federal Rules of Civil Procedure.

    5      Pillai waives the right, if any, to a jury trial and to appeal from the entry of the Final

Judgment.

    6.      Pillai enters into this Consent voluntarily and represents that no threats, offers,

promises, or inducements of any kind have been made by the Commission or any member, officer,

employee, agent, or representative of the Commission to induce Pillai to enter into this Consent.

2

7.      Pillai agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Pillai will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Pillai waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Pillai of its terms and conditions.  Pillai further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that he has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Pillai in this civil proceeding.  Pillai acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Pillai waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Pillai further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary

3

proceeding before the Commission based on the entry of the injunction in this action, Pillai

understands that he shall not be permitted to contest the factual allegations of the complaint.

11.    Pillai understands and agrees to comply with the Commission's policy "not to

permit a defendant or respondent to consent to a judgment or order that imposes a sanction while

denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5.  In

compliance with this policy, Pillai agrees: (i) not to take any action or to make or permit to be

made any public statement denying, directly or indirectly, any allegation in the complaint or

creating the impression that the complaint is without factual basis; and (ii) that upon the filing of

this Consent, Pillai hereby withdraws any papers filed in this action to the extent that they deny

any allegation in the complaint.  If Pillai breaches this agreement, the Commission may petition

the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in

this paragraph affects Pillai's: (i) testimonial obligations; or (ii) right to take legal or factual

positions in litigation or other legal proceedings in which the Commission is not a party.

12.    Pillai hereby waives any rights under the Equal Access to Justice Act, the Small

Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek

from the United States, or any agency, or any official of the United States acting in his or her

official capacity, directly or indirectly, reimbursement of attorneys' fees or other fees, expenses,

or costs expended by Pillai to defend against this action.  For these purposes, Pillai agrees that he

is not the prevailing party in this action since the parties have reached a good faith settlement.

13.    In connection with this action and any related judicial or administrative

proceeding or investigation commenced by the Commission or to which the Commission is a

party, Pillai agrees: (a) to appear and be interviewed by Commission staff at such times and

places as the staff requests upon reasonable notice; (b) to accept service by mail or facsimile

transmission of notices or subpoenas issued by the Commission for documents or testimony at

4

depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (c) to appoint Pillai's undersigned attorney as agent to receive service of such notices and subpoenas; (d) with respect to such notices and subpoenas, to waive the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburse his travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (e) to consent to personal jurisdiction over him in any United States District Court for purposes of enforcing any such subpoena.

14.    Pillai agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.    Pillai agrees that the Court shall retain jurisdiction over this action for the purpose of enforcing the terms of the Final Judgment.

Dated: 30/10/06

Madhavan Sivathanu Pillai

On 30/10/06, 2006, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires: 25-11-06

Identified by

ADVOCATE

KARAR AHMED B.Com., LL.B
Advocate
No. 50, 2nd Cross, Roshan Colony
Tilaknagar, (Near C.E.S. High School)
Jayanagar, Bangalore-560 041
Mobile: 98451 08175, Res: 26543257

EXECUTION ADMITTED
BEFORE ME

M. R. SUVARNA, B.A.B.L.
Advocate & Notary Public
No. 77, Infantry Road,
Opp. : Canara Bank
BANGALORE - 560 001

31 OCT 2006

