UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MADHAVAN SIVATHANU PILLAI,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>: Civil Action No.  07 1273<br>:<br>:<br>:<br>:<br>: |

### FINAL JUDGMENT AS TO DEFENDANT MADHAVAN SIVATHANU PILLAI

The Securities and Exchange Commission having filed a Complaint and Defendant Madhavan Sivathanu Pillai ("Pillai") having entered a general appearance; consented to the Court's jurisdiction over Pillai and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Pillai and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, or aiding and abetting violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce,

or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Pillai and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-11 and 13a-13 [17 C.F.R. §§240.12b-20, 240.13a-11 and 240.13a-13] thereunder by knowingly providing substantial assistance to an issuer that files materially false or misleading statements with the Commission in information or documents required to be filed with the Commission pursuant to Section 12 of the Exchange Act.

III.

IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that based on Pillai's sworn representations in his Statement of Financial Condition dated August 3, 2006, and other documents and information submitted to the Commission, the Court is not ordering Pillai to pay a civil penalty. The determination not to impose a civil penalty is contingent upon the accuracy and completeness of Pillai's Statement of Financial

Condition dated August 3, 2006. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Pillai's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Pillai, petition the Court for an order requiring Pillai to pay the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Pillai was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Pillai to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Pillai may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of a civil penalty should not be ordered; (4) contest the imposition of the maximum civil penalty allowable under the law; or (5) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Madhavan Pillai, dated October 30, 2006, is incorporated herein with the same force and effect as if fully set forth herein, and that Pillai shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 18 July, 2007

_____
UNITED STATES DISTRICT JUDGE